IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INDECK POWER EQUIPMENT COMPANY, | ) | |
| | ) | Civil Action No. 1:21-cv-1353 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge LaShonda Hunt |
| ASHLEY ENERGY, LLC, | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

**PLAINTIFF INDECK POWER EQUIPMENT COMPANY'S RENEWED RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW IN A JURY TRIAL**

Out of an abundance of caution, Plaintiff Indeck Power Company (Indeck) hereby renews its Rule 50 Motion for Judgment as a Matter of Law in a Jury Trial. In support of its Motion, Indeck states as follows:

1. Federal Rule of Civil Procedure 50(b) provides as follows:

If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion…. The movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Fed. R. Civ. P. 50(b).

2. The standard governing a Rule 50 motion mirrors that employed in evaluating a summary judgment motion: looking to all of the evidence in the record, the Court must ask whether any reasonable jury could have found for the non-moving party. *Hammer v. Residential Credit Solutions*, 2015 WL 7776807, *2 (N.D. Ill. Dec. 3, 2015). In undertaking this review, the Court must construe the evidentiary record in the non-movant's favor, drawing all reasonable inferences

1

in her favor and resisting temptation to weigh the evidence or make its own credibility determinations. *Id.*

3. Because a Rule 50(b) motion is a renewal of the pre-verdict Rule 50(a) motion, it can be granted only on grounds advanced in the pre-verdict motion. *Id.*

4. The instant suit proceeded at trial from October 21, 2024, until October 25, 2024.

5. After Defendant Ashley Energy, LLC (Ashley) rested its case on October 25, 2024, Indeck made an oral Rule 50 motion. (Tr. 1177:7-1178:21)

6. Indeck moved for judgment in its favor on all of Ashley's affirmative defenses, arguing that Ashley failed to introduce any evidence in support of its defenses. (Tr. 1177:7-1178:21).

7. Ashley bears the burden of proof on its respective affirmative defenses. *Native Am. Arts, Inc. v. The Waldron Corp.*, 253 F. Supp. 2d 1041, 1045 (N.D. Ill. Jan. 22, 2023).

8. In the course of presenting its case-in-chief, Ashley failed to carry its burden of proof by failing to introduce evidence in support of the following defenses:

   a. Fifth Affirmative Defense: waiver or estoppel based on Indeck's own inaction;

   b. Sixth Affirmative Defense: laches;

   c. Seventh Affirmative Defense: lease provision allowing Indeck to charge ongoing rental payments is an unenforceable penalty; and

   d. Eighth Affirmative Defense: unclean hands.

9. To prove implied waiver under the Fifth Affirmative Defense, Ashley had the burden to show a clear, unequivocal, and decisive act manifesting an intention to waive rights under the contract. *See In re Nitz*, 317 Ill. App. 3d 119, 130 (2d Dist. 2000). Ashley never produced any evidence which supports the argument that inaction by Indeck results in a waiver or estoppel of its damages claim. Ashley has not shown any misleading representation made by Indeck, let

alone any reliance on such misrepresentation. Indeed, Indeck continued to bill Ashley monthly, never manifesting any intention to waive its rights.

10. Ashley's Sixth and Eighth Affirmative Defenses (laches & unclean hands, respectively) are simply inapplicable to a breach of contract case where Indeck is seeking money damages. *See W. Bend Mut. Ins. Co. v. Procaccio Painting & Drywall Co., Inc.*, 928 F. Supp. 2d 976, 987 (N.D. Ill. 2013), *aff'd on other grounds*, 794 F. 3d 666 (7th Cir. 2015) ("The defense of unclean hands is also an equitable defense, not applicable to a claim for money damages for a breach of contract," and "laches is an equitable doctrine reserved historically for equitable claims, not actions at law for money damages.").

11. Additionally, Ashley waived its Second and Seventh Affirmative Defense of unconscionability when it agreed that the contract was valid and enforceable in the jury instructions. (Dkt. 188, No. 16) Nonetheless, Ashley failed to present any testimony that the ongoing rental charge provisions in the Lease were unreasonably large in light of the actual loss suffered by Indeck as a result of Ashley's breach.

12. Regarding the Third Affirmative Defense (Indeck's damages were direct and proximate result of Indeck's own actions), Indeck argued this is simply an element of Indeck's claim, and not an affirmative defense at all. (Tr. 1177:11-12) Moreover, the jury explicitly rejected this defense when it determined that Ashley breached the contract.

13. The Court took Indeck's oral motion under advisement. (Tr. 1188:21)

14. On October 25, 2024, the jury returned a verdict. The Court entered judgment on October 28, 2024, wherein the Court reiterated that both parties' respective oral motions for judgment as a matter of law under Rule 50(a) are taken under advisement. (Dkt. 189)

WHEREFORE, plaintiff Indeck Power Equipment Company hereby renews its Rule 50 Motion for Judgment as a Matter of Law with respect to the affirmative defenses of defendant Ashley Energy, LLC.

Respectfully submitted,

/s/ Thomas C. Koessl

Steven J. Roeder
Ryan P. Weitendorf
Roeder Law Offices LLC
77 West Washington Street, Suite 2100
Chicago, Illinois 60602
(312) 667-6001
sjr@roederlawoffices.com
rpw@roederlawoffices.com

Thomas C. Koessl
Williams, Bax & Saltzman, P.C.
221 North LaSalle Street, Suite 3700
Chicago, Illinois 60601
(312) 372-3311
koessl@wbs-law.com

*Attorneys for plaintiff Indeck Power Equipment Company*

**CERTIFICATE OF SERVICE**

      This is to certify that on November 25, 2024, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

      /s/ Thomas C. Koessl